1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
   SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
2  PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3  𝔻 DarrasLaw
4  3257 East Guasti Road, Suite 300
   Ontario, California 91761-1227
5  Telephone:   (909) 390-3770
   Facsimile:    (909) 974-2121
6
7  Attorneys for Plaintiff
   MICHAEL McDUFFIE
8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11

| 12  MICHAEL McDUFFIE, | Case No: |
|---|---|
| 13          Plaintiff, | COMPLAINT FOR BENEFITS UNDER |
| 14     vs. | AN EMPLOYEE WELFARE BENEFIT PLAN |
| 15 | |
| 16  LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| 17 | |
| 18          Defendant. | |

19

20  Plaintiff alleges as follows:

21        1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337

22  and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security

23  Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by

24  Plaintiff for disability benefits under an employee benefit plan regulated and governed

25  under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C.

26  § 1331 as this action involves a federal question.

27        2.    The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

28  the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

1   Those avenues of appeal have been exhausted.

2       3.      Plaintiff is informed and believes and thereon alleges that the Chicago

3   Bridge & Iron Group Long Term Disability Plan ("Plan") is an employee welfare benefit

4   plan established and maintained by Chicago Bridge & Iron ("CBI"), to provide its

5   employees and those of its subsidiaries and affiliates, including Plaintiff, MICHAEL

6   MCDUFFIE ("Plaintiff" and/or Mr. MCDUFFIE"), with income protection in the event of a

7   disability and is the Plan Administrator.

8       4.      Plaintiff alleges upon information and belief that Defendant, LIFE

9   INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times

10  was, a corporation duly organized and existing under and by virtue of the laws of the

11  State of Pennsylvania, authorized to transact and transacting the business of insurance

12  in this state, and, the insurer and Claims Administrator for the Plan.

13      5.      Plaintiff further alleges that venue is proper in this district pursuant to 29

14  U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is

15  ultimately liable if Plaintiff is found disabled, may be found in this district.  Since on or

16  about November 1, 1956, LINA has been registered as a corporation with the state of

17  California, has extensive contacts within the state, employs California residents,

18  conducts ongoing business within the state and therefore, may be found within the

19  state.

20      6.      At all relevant times Plaintiff was a resident and citizen of the United

21  States, an employee of CBI, its successors, affiliates and/or subsidiaries, and a

22  participant in the Plan.

23      7.      Based upon information and belief, Plaintiff alleges that at all relevant

24  times herein Plaintiff was covered under group disability policy number FLK-0980162

25  (the "Policy") that had been issued by Defendant LINA to CBI to insure its Plan, and the

26  eligible participants and beneficiaries of the Plan, including Plaintiff.

27      8.      The subject Policy promised to pay Plaintiff monthly long term disability

28  benefits for a specified period of time should he become disabled. Therefore, LINA both

1  funds and decides whether claimants will receive benefits under the Plan and as such

2  suffers from a structural conflict which requires additional skepticism.

3        9.     Based upon information and belief, Plaintiff alleges that, according to the

4  terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability

5  benefits to Plaintiff as follows:

6      ●    Elimination Period: 180 Days

7      ●    Gross Disability Benefit: The lesser of 60% of an Employee's monthly

8          Covered Earnings rounded to the nearest dollar or the Maximum Disability

9          Benefit.

10      ●    Maximum Disability Benefit: $5,000 per month

11      ●    Definition of Disability/Disabled:

12          ○   The Employee is considered Disabled if, solely because of Injury or

13             Sickness, he or she is:

14               ▪ 1. Unable to perform the material duties of his or her Regular

15                 Occupation; and

16               ▪ 2. Unable to earn 80% or more of his or her Indexed

17                 Earnings from working in his or her Regular Occupation.

18          ○   After Disability Benefits have been payable for 24 months, the

19             Employee is considered Disabled if, solely due to Injury or

20             Sickness, he or she is:

21               ▪ 1. unable to perform the material duties of any occupation for

22                 which he or she is, or may reasonably become, qualified

23                 based on education, training or experience; and

24               ▪ 2. Unable to earn 60% or more of his or her Indexed

25                 Earnings.

26        10.    Prior to his disability under the terms of the Plan, Plaintiff, who had been

27  employed with CBI, was working as a Painter.

28        11.    On or about July 11, 2015, Plaintiff became disabled as defined by the

DarrasLaw

1    terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

2        12.    LINA initially approved Plaintiff's claim and paid Plaintiff disability benefits

3    under the Plan.

4        13.    However, on or about July 18, 2019, LINA unreasonably and unlawfully

5    denied his long term disability claim.  And, on or about April 17, 2020 and March 24,

6    2021, LINA unreasonably and unlawfully upheld its denial of the disability claim.

7        14.    According to LINA's denial letters:

8        • **July 18, 2019:**  "Payments have been made through July 18, 2019

9          and no further benefits are due. ...You have the right to bring a

10         legal action for benefits under the Employee Retirement Income

11         Security Act of 1974 (ERISA) section 502(a) following an adverse

12         benefit determination on appeal."

13       • **March 24, 2021:**  "After completing our review of your client's

14         claim, we are unable to continue paying benefits beyond July 18,

15         2019. ...At this point in time you have exhausted all administrative

16         levels of appeal and no further appeals will be considered.

17         ...Please note that you have the right to bring a legal action for

18         benefits under the Employee Retirement Income Security Act of

19         1974 (ERISA) section 502(a) following an adverse benefit

20         determination on appeal."

21       15.    In so doing, LINA unreasonably and unlawfully failed to timely identify the

22   medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians

23   who were financially biased and/or not qualified to refute the findings of Plaintiff's board

24   certified physicians; relied strictly upon physical requirements of occupations instead of

25   taking into consideration the non-exertional requirements of Plaintiff's regular, or any,

26   occupation; and misrepresented the terms of the Policy.

27       16.    Additionally, LINA knew, or should have known, that the documentation

28   submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability and

1    entitled him to benefits under the Plan.

2        17.    To date, even though Plaintiff has been disabled, LINA has not paid

3    Plaintiff any disability benefits under the Policy since on or about July 18, 2019. The

4    unlawful nature of LINA's denial decision is evidenced by, but not limited to, the

5    following:

6        •    LINA engaged in procedural violations of its statutory obligations under

7            ERISA, including, but not limited to, failing to promptly identify the medical

8            consultants who reviewed his file; failing to timely advise Plaintiff of what

9            specific documentation it needed from him to perfect his claim; and

10       •    LINA ignored the obvious, combed the record, and took selective evidence

11           out of context as a pretext to deny Plaintiff's claim; and

12       •    LINA ignored the opinions of Plaintiff's board certified treating physicians

13           and/or misrepresented the opinions of Plaintiff's treating physicians.

14           Deference should be given to the treating physicians' opinions as there are

15           no specific, legitimate reasons for rejecting the treating physicians' opinions

16           which are based on substantial evidence in the claim file.  Further, LINA's

17           highly conflicted physicians' opinions do not serve as substantial evidence

18           as they are not supported by evidence in the claim file nor are they

19           consistent with the overall evidence in the claim file.

20       18.    Additionally, ERISA imposes higher-than-marketplace quality standards

21   on insurers. It sets forth a special standard of care upon a plan administrator, namely,

22   that the administrator "discharge [its] duties" in respect to discretionary claims

23   processing "solely in the interests of the participants and beneficiaries" of the plan, §

24   1104(a)(1); it simultaneously underscores the particular importance of accurate claims

25   processing by insisting that administrators "provide a 'full and fair review' of claim

26   denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements

27   marketplace and regulatory controls with judicial review of individual claim denials, see

28   § 1132(a)(1)(B).

19.     As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plan since on or about July 19, 2019.

20.     As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such fees and costs paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

21.     A controversy now exists between the parties as to whether Plaintiff was disabled as defined in the Plan.  Plaintiff seeks the declaration of this Court that he meets the Plan's definition of disability and consequently is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of his claim through the present.  In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.     An award of benefits in the amount not paid Plaintiff beginning on or about July 19, 2019, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

/ / /

/ / /

/ / /

/ / /

2.     An order determining Plaintiff is entitled to disability payments/benefits so long as he remained disabled as defined in the Plan;

3.  For reasonable attorney fees and costs incurred in this action; and,

4.  For such other and further relief as the Court deems just and proper.

Dated:  July 22, 2021

**DarrasLaw**

FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
MICHAEL McDUFFIE